**UNITED STATES of America,**

v.

**Jose CROUSSETT, Appellant.**

**No. 01–1633.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 16, 2002.

Jan. 24, 2002.

Before: RENDELL, FUENTES and MAGILL,* Circuit Judges.

## MEMORANDUM OPINION

RENDELL, Circuit Judge.

On April 22, 1992, Jose Croussett was convicted by a jury of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846, and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(10). On March 2, 1993, Appellant was sentenced to a 19–year prison term. Croussett filed a motion for resentencing based on a new sentencing guideline promulgated by the Sentencing Commission, and on March 2, 2001 he was sentenced to 15 years in prison. He now appeals from the District Court's resentencing order. For the reasons stated below, we will affirm the District Court's order. In addition, we will grant the motion of Croussett's counsel, Robert E. Sletvold, Esq., for leave to withdraw as counsel.

* Honorable Frank J. Magill, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Croussett's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), expressing his belief that there were no non-frivolous issues presented for our review. As required by *Anders*, counsel directed us to portions of the record that might arguably support an appeal. He points to two possible issues for appeal.

First, counsel raises whether the District Court abused its discretion by refusing to depart downward from the sentencing guidelines range based on Croussett's willingness to be deported. The District Court explained that it was "aware of its power to depart, but in exercising its discretion the Court would choose not to depart." If this were indeed the case we would lack jurisdiction, because we have no jurisdiction to review the District Court's exercise of discretion. *United States v. Torres*, 251 F.3d 138, 145 (3d Cir.2001). However, the District Court erred because it did not have discretion to depart. We have explained that "in light of the judiciary's limited power with regard to deportation, a district court cannot depart downward on this basis without a request from the United States Attorney." *United States v. Marin–Castaneda*, 134 F.3d 551, 555 (3d Cir.1998). Here the United States Attorney did not request a departure from the Sentencing Guideline, therefore the District Court had no discretion, and, accordingly, although we must disagree with its reasoning, we find that the District Court was correct not to depart.

The second possible issue counsel raises is whether Croussett's trial counsel was ineffective. It is well established that "claims of ineffective assistance of counsel generally are not entertained on direct appeal." *United States v. Haywood*, 155 F.3d 674, 678 (3d Cir.1998). We will only review this issue on direct appeal in cases "[w]here the record is sufficient to allow a determination of ineffective assistance of counsel. . . ." *Id.* As the record before us provides no basis for concluding that counsel's performance was inadequate or that it prejudiced the result of the District Court's proceeding, we will decline to review this issue. *United States v. Roberson*, 194 F.3d 408, 413 (3d Cir.1999).

Moreover, as required by *Anders*, Croussett was given notice of his attorney's desire to withdraw, allowing him the opportunity to raise any issues for appeal in a pro se brief. Although Croussett filed such a brief and raised essentially three additional grounds for an appeal, we find them lacking in merit.

First, Croussett argues that his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The teachings of *Apprendi* are not implicated here, however, because the sentence was within the statutory maximum, 20 years. See *United States v. Cepero*, 224 F.3d 256, 267 n. 5 (3d Cir. 2000). Croussett's other two issues on appeal that his conviction was a result of informant/witness testimony that resulted from promises for leniency, and that packaging material was improperly included in the total weight of the cocaine base simply have no support in the record.

Our review of the record demonstrates no reason to disturb the judgment of the District Court. We find that counsel, as required by *Anders*, conducted a conscientious review of the record and correctly concluded that there were no non-frivolous issues for appeal. 386 U.S. at 744. We are satisfied that all requirements of the *Anders* procedure have been met.

Accordingly, we will GRANT counsel's request to withdraw and will AFFIRM the Order of the District Court.